UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIC UNITED                    :
CONSTRUCTION, INC.,
                                   :
    Plaintiff,
                                   :        CIVIL ACTION NO.
v.
                                   :        1:06-CV-1322-MHS
TRANSCONTINENTAL
INSURANCE COMPANY, et al.,         :

    Defendants.                    :

## ORDER

This action is before the Court on defendant BB&T Insurance Services,

Inc.'s (BB&T)motion to dismiss.[1] For the following reasons, the Court grants

the motion.


Background

During 2001 and 2002, plaintiff Atlantic United Construction, Inc.

(AUC), served as general contractor on the construction of a Holiday Inn

Express hotel in Auburn, Alabama.  BB&T, an insurance agency, procured

---

[1] Plaintiff has voluntarily dismissed its claims against defendant United National Insurance Company (United National).  Therefore, United National's motion to dismiss and motion to strike, and plaintiff's related motion to amend complaint are denied as moot.

AO 72A
(Rev.8/82)

three insurance policies for AUC that were in effect during this time period:
commercial general liability policies issued by defendants Transcontinental
Insurance Company and Valley Forge Insurance Company, and an umbrella
general liability policy issued by United National.

In August 2002, the owner of the Holiday Inn Express advised AUC
that it had discovered mold in numerous guest rooms.  AUC notified its
insurers of the claim through BB&T.  According to the complaint, BB&T
urged AUC to move forward promptly with remediation and corrective work
and assured AUC that payments it made for such work would be reimbursed
in their entirety under the insurance contracts.  AUC paid the remediation
contractor a total of $350,000 for the work.  Subsequently, the insurance
companies denied coverage and refused to reimburse AUC.

On June 1, 2006, plaintiff filed this action asserting, inter alia, claims
for negligent misrepresentation and breach of fiduciary duty against BB&T.
BB&T moved to dismiss on the grounds that the claims asserted against it
failed to state a claim upon which relief could be granted.

2

Discussion

The only concern of the Court at this stage is whether, construing the complaint in the light most favorable to plaintiff, Hargrave v. McKinney, 413 F.2d 320 (5th Cir. 1969), plaintiff will be able to prove a set of facts in support of its claims which would entitle it to relief. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). The complaint need not, and indeed should not, plead evidence. In Re Beef Antitrust Litigation, 600 F.2d 1148 (5th Cir. 1979), cert denied, 449 U.S. 905 (1980). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

BB&T contends that both of AUC's claims against it are based upon its alleged negligent misrepresentation of insurance coverage, and that AUC has failed to adequately allege any of the three essential elements of such a claim. Under Georgia law, the tort of negligent misrepresentation requires "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such

3

reliance." Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc. 267 Ga. 424, 426 (1997).

BB&T argues that AUC has failed to satisfy the first element because its alleged representations that the remediation costs would be covered by AUC's insurance policies were mere statements of opinion, rather than fact. Second, BB&T argues that AUC could not have reasonably relied on such representations because AUC had an obligation under Georgia law to read the policies for itself to determine whether coverage existed. Finally, BB&T contends that AUC suffered no harm as a result of BB&T's statements because AUC incurred liability for payment of the remediation costs independently of, and prior to, the alleged misrepresentations.

In response, AUC argues that BB&T went beyond a mere expression of opinion as to coverage by affirmatively instructing AUC to pay the mold remediation firm and assuring AUC that it would be reimbursed by the insurers. A reading of the policy, AUC claims, would not have negated the clear and specific instructions of BB&T. Finally, AUC argues that had it not

4

been for BB&T's express directives, it would not have proceeded with the mold remediation work and would not have issued payment for the work.

The Court concludes that AUC's complaint fails to state a claim against BB&T. It is well settled that "mere statements of opinion do not support fraud or negligent misrepresentation claims." Anderson v. Atlanta Committee for the Olympic Games, Inc., 261 Ga. App. 895, 900 (2003). It is also well settled that statements regarding insurance coverage are statements of opinion and are therefore not actionable. See Marett Props., Inc. v. Prudential Ins. Co. of Am., 167 Ga. App. 631, 634 (1983); Brown v. Mack Trucks, 111 Ga. App. 164, 167 (1965). AUC's allegation that BB&T not only misrepresented the insurance coverage but also instructed it to pay the remediation costs is unavailing. Such an instruction did not constitute a representation regarding any fact. Absent an alleged misrepresentation of fact, AUC has failed to satisfy the first element of a negligent misrepresentation claim.

The Court also agrees with BB&T that, even if there had been an actionable misrepresentation, AUC has failed to adequately allege either

5

AO 72A
(Rev.8/82)

reasonable reliance or economic harm arising from the alleged misrepresentation. Under Georgia law, "an insured has an obligation to read and examine an insurance policy to determine whether the coverage desired has been furnished." MacIntyre & Edwards, Inc. v. Rich, 267 Ga. App. 78, 79-80 (2004). Thus, AUC could not have reasonably relied on BB&T's alleged misrepresentation regarding coverage. See Barnes v. Levenstein, 160 Ga. App. 115, 116 (1981). Furthermore, the allegations of the complaint show that AUC incurred liability to the remediation firm not because of any representations by BB&T, but because of its obligation to the owner of the project. (Compl. ¶ 36.) Since AUC obligated itself to pay the remediation costs independent of any representations by BB&T, it cannot establish that such representations were the cause of any loss.

Summary

For the foregoing reason, the Court GRANTS defendant BB&T Insurance Services, Inc.'s motion to dismiss [#16] and DISMISSES plaintiff's claims against BB&T. The Court DENIES AS MOOT defendant United

6

AO 72A
(Rev.8/82)

National Insurance Company's motion to dismiss [#19] and motion to strike [#30] and plaintiff's motion to amend complaint [#42].

IT IS SO ORDERED, this _____ day of November, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

7